**Abe I. KORACH, Plaintiff-Appellant,**

**v.**

**CHICAGO MERCANTILE EXCHANGE, Defendant-Appellee.**

**No. 83–2450.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1984.

Decided Oct. 30, 1984.

Rehearing Denied Nov. 30, 1984.

Joseph I. Adler, Adler & Adler, Chicago, Ill., for plaintiff-appellant.

Daniel A. Clune, Freeman, Rothe, Freeman & Salzman, P.C., Chicago, Ill., for defendant-appellee.

Before PELL and POSNER, Circuit Judges, and WEIGEL, Senior District Judge.[*]

WEIGEL, Senior District Judge.

On June 29, 1976, appellant Abe I. Korach submitted an application for membership in the International Monetary Market (IMM) division of appellee Chicago Mercantile Exchange (CME).[1] The membership committee of IMM, following investigation and a series of hearings in which Korach and his sponsors appeared and answered questions, denied the application on August 31, 1976 by a vote of 8 to 3.[2] The committee later listed four "important factors" underlying its decision to deny the application:

    1. Mr. Korach concealed his employment with the City of Chicago on his application and it later appeared that he

---

[*] The Honorable Stanley A. Weigel, Senior United States District Judge for the Northern District of California, sitting by designation.

[1] In conjunction with the application, Korach purchased a "seat" on the IMM exchange from a departing member for a price of $35,000, and paid a transfer fee of $300.

[2] By letter dated September 1, 1976, the CME informed Korach that his application had been denied, and further informed him that pursuant to IMM rules, he was obliged to sell the exchange seat he had purchased within a period of thirty days. The record discloses that Korach subsequently sold the seat for a price of $44,000.

had been twice suspended from that job for improper practices;

2. Mr. Korach told the committee a currency exchange business and an insurance business in his wife's name were actually operated by her and that he did no more than assist. In fact, it appeared that he actively operated those businesses and that his wife was not involved except as nominal owner. Those businesses were the subject of multiple litigation indicating failure to pay taxes and other improprieties. The committee believed that it was a fair conclusion that the businesses were put in Mrs. Korach's name to shield Mr. Korach from litigation.

3. Mr. Korach used a fictitious name in the operation of one of his businesses; [and]

4. Mr. Korach's sponsors were unable to vouch for his integrity in a business context but did confirm that Mr. Korach was the individual that operated the currency exchange business and the insurance business.

Korach, pursuant to section 8c(2) of the Commodity Exchange Act, 7 U.S.C. § 12c(2), petitioned the Commodity Futures Trading Commission (CFTC) for review of the exchange's action in denying his application. The CFTC reviewed the record of proceedings before the IMM membership committee and the committee's statement of reasons for denying his application. Based on these documents, the CFTC concluded that

reasonable men could have found that Mr. Korach's reputation and financial responsibility were not sufficient to warrant membership in [the IMM], that there were no inherent due process flaws in the proceeding, and that the action of the exchange was in accordance with the policies of the Commodity Exchange Act, as amended.

The CFTC accordingly denied Korach's petition for review. Korach did not seek judicial review of the CFTC decision as permitted by section 8c(3) of the Commodity Exchange Act, 7 U.S.C. § 12c(3).

On April 28, 1981, Korach commenced the present action against CME by filing a complaint in the Circuit Court of Cook County, Illinois. Although partly phrased in terms of breach of contract and negligence, the complaint alleged in substance that the exchange had not given Korach's application the fair and equitable consideration required by standards of procedural due process inherent in the exchange's rules and the provisions of the Commodity Exchange Act. CME removed the action to federal district court. The district court denied Korach's motion to remand, reasoning that the subject matter of Korach's complaint was preempted by the Commodity Exchange Act and that any right of action in his favor must consequently arise under federal law.[3]

CME moved for summary judgment against Korach on his claim. This motion was granted. Korach now appeals from the district court's judgment.

Appellee, in denying Korach's application for membership, was performing a duty of self-policing mandated by federal law. *See* 7 U.S.C. § 7a; *Silver v. New York Stock Exchange*, 373 U.S. 341, 352–53, 83 S.Ct. 1246, 1254–55, 10 L.Ed.2d 389 (1963). In the discharge of this duty, the exchange and its officials may not be held liable for or forced to perform any discretionary action absent a showing of bad faith or of violation of rules and regulations governing the exchange. *See P.J. Taggares & Co. v. New York Mercantile Exchange*, 476 F.Supp. 72, 76 (S.D.N.Y.1979) (quoting *Daniel v. Board of Trade*, 164 F.2d 815, 819–20 (7th Cir.1947)).

The district court entered summary judgment against Korach on the basis of its conclusion that nothing in the record indicates that Korach's application was treated inequitably or arbitrarily, or that the decision of the membership committee was not

---

**3.** In this connection, it should be noted that section 8c(1)(A) of the Commodity Exchange Act, 7 U.S.C. § 12c(1)(A), provides that "[a]ny exchange ... may ... deny any person access to the exchange," and that "[a]ny such action shall

be taken solely in accordance with the rules of that exchange." *See also Buckley v. Chicago Board Options Exchange, Inc.*, 109 Ill.App.3d 462, 65 Ill.Dec. 59, 64–65, 440 N.E.2d 914, 919–20 (1982).

**416**

reached in good faith. Our own scrutiny amply confirms this evaluation. As the district court observed, Korach has submitted no specific factual evidence to contradict the reasons given by the IMM membership committee for denying the application. Those reasons were plainly sufficient to warrant denial.

The summary judgment should be sustained for another reason. As detailed above, the CME decision denying Korach's application was duly appealed to the CFTC, which upheld the decision on the basis of the record. All issues of fairness, good faith and rule compliance raised by Korach in this action were within the scope of the CFTC's review, and were thus "actually disposed of" by the CFTC ruling. *See* 17 C.F.R. § 9.37(b) (1983). Korach is consequently precluded by principles of collateral estoppel from relitigating these issues in the present proceeding. *Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 306 (1973); *see* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4416 (1981 ed.). Any challenge by Korach to the CFTC decision should properly have been pursued by means of direct judicial review. The judgment of the district court is AFFIRMED.