**NEW YORK MERCANTILE EXCHANGE, Plaintiff,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Defendant.**

No. 92 Civ. 4128 (KTD).

United States District Court, S.D. New York.

March 4, 1993.

Sullivan & Cromwell, New York City, for plaintiff; Richard H. Klapper, Kenneth M. Raisler, John B. Reid–Dodick, of counsel.

Commodity Futures Trading Commission, Washington, DC, for defendant; Joanne T. Medero, Gen. Counsel, Jay L. Witkin, Deputy Gen. Counsel, Jeffrey S. Holik, Asst. Gen. Counsel, John A. Knight, Jr., Atty., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff New York Mercantile Exchange ("NYMEX") commenced this action for declaratory and injunctive relief, pursuant to the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., against defendant Commodity Futures Trading Commission ("CFTC"). CFTC now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim.

## FACTS [1]

NYMEX, which CFTC has designated as a "contract market" pursuant to 7 U.S.C. § 7, is the world's largest market for the trading of energy futures contracts and options, including contracts in crude oil, heating oil, gasoline, natural gas, platinum, and palladium. NYMEX consists of institutional and individual members, and is a private self-regulatory organization. CFTC is an independent regulatory agency of the United States government charged with responsibility for regulating commodity futures trading pursuant to the CEA and regulations promulgated thereunder.

David Baker, a non-party to this action, was a member of NYMEX from 1984 to 1987, when he voluntarily resigned his membership. In 1988, Baker reapplied for membership in NYMEX, but after NYMEX learned that he was the target of an ongoing CFTC investigation, Baker voluntarily withdrew his application.

In 1989, notwithstanding the continued CFTC investigation, Baker again applied for NYMEX membership. NYMEX reviewed Baker's application in accordance with internal rules approved by CFTC. See 7 U.S.C. § 7a(12); 17 C.F.R. § 1.41. On August 22, 1989, NYMEX's Membership Committee, having reviewed and investigated Baker's application, recommended that NYMEX's Board deny the same. The Committee reasoned that the mere existence of a CFTC investigation into possible unlawful trading by Baker during his earlier membership in NYMEX prevented it from concluding that Baker possessed sufficiently good character for readmission to NYMEX.

Subsequently, Baker requested a NYMEX Board hearing on his application. As required by NYMEX Rule 2.80, a panel of three disinterested directors was appointed to review Baker's application, conduct a hearing, and make a recommendation to the Board. On January 25, 1990, the panel recommended that the NYMEX Board deny Baker's application on the basis of the ongoing CFTC investigation.

NYMEX's Board of Directors then conducted its own review of Baker's application and held a meeting on April 4, 1990 to consider the panel's recommendation. On April 16, 1990, the Board issued a decision denying Baker's application based on their inability to form an opinion as to Baker's "good character, commercial standing and business experience" as required by NYMEX Rule 2.09(A).

On May 18, 1990, Baker appealed NYMEX's denial of his membership application by commencing a proceeding before CFTC entitled *Baker v. New York Mercantile Exchange*, CFTC Docket No. 90–E–5. On September 29, 1990, during the pendency of Baker's appeal, CFTC filed an administrative complaint charging Baker with violations of CEA anti-fraud and trade practice provisions. Those violations arose from Baker's handling of customer orders in 1986–87 while he was a NYMEX member. *See In the Matter of Dean Tyler and David A. Baker*, CFTC Docket No, 90–31 (Sept. 29, 1990). On July 19, 1991, Baker submitted an Offer

---

1. These facts are drawn from the complaint and the underlying administrative record. *See Lujan v. Defenders of Wildlife,* —— U.S. ——, ——, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992) (in passing on a motion to dismiss, court presumes that general allegations in a complaint "embrace those specific facts that are necessary to support the claim").

of Settlement to resolve CFTC's administrative complaint, and on October 29, 1991, CFTC issued an "Opinion and Order Accepting Offer of Settlement of David Baker" ("Settlement Order").

The Settlement Order found that Baker had violated 7 U.S.C. §§ 6b(a), 6b(D), 6c(a)(A), 6c(a)(B), and 6g(1), and 17 C.F.R. §§ 1.31(a), 1.35(a–1), and 1.38(a),[2] and imposed upon Baker a civil penalty of $5,000, a four-month trading prohibition, and a three-year prohibition from registration with CFTC in any capacity. The Settlement Order further provided:

> Solely by virtue of his Offer and not by any adjudication on the merits, BAKER agrees that these findings may be used in any other proceeding brought by this Commission or any other state or federal governmental regulatory authority, by any futures association registered pursuant to Section 17 of the Act, or by any board of trade designated as a contract market under the Act or the Regulations; provided, however, BAKER does not consent to the use of the Complaint in this proceeding or the findings, sanctions, or Order of the Commission consented to by virtue of his Offer, as the sole basis for any such proceeding.

On June 22, 1992, CFTC issued an order ruling on Baker's appeal from NYMEX's denial of his membership application (the "Order"). CFTC declined to decide whether NYMEX's proof was sufficient to deny Baker's membership application, or whether an applicant's involvement in a CFTC investigation is, of itself, sufficient to establish unfitness for membership under NYMEX's rules. Instead, CFTC ruled that the administrative complaint against Baker, Baker's subsequent settlement offer, and CFTC's acceptance of that offer presented issues that NYMEX should consider prior to CFTC's review of the membership decision. Accordingly, CFTC remanded the matter to NYMEX with

instructions to consider Baker's application "in the context of the facts now available."

In addition, however, CFTC noted that the findings encompassed in the Settlement Order could not form the sole basis for any adverse action taken by NYMEX with respect to Baker, but that NYMEX could: (1) use the Settlement Order's findings in conjunction with an additional basis which reflected upon Baker's fitness for NYMEX membership; or (2) develop its own record of the events and actions underlying CFTC's complaint against Baker and determine whether they would serve as a basis, under NYMEX rules, for a denial of membership.

On July 9, 1992, NYMEX commenced this action, alleging that the Order was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the APA, 5 U.S.C. § 706. CFTC now moves to dismiss the complaint, arguing that NYMEX lacks standing to bring this action, and that this matter is not ripe for adjudication.

## DISCUSSION

In passing on a motion to dismiss for failure to state a claim, a court must read the allegations in the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and the complaint "should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### I. *Standing*

■■■ The Supreme Court has identified three distinct elements of standing: (1) the plaintiff must have suffered an "injury-in-

---

**2.** Among other things, these provisions make it unlawful to: (1) "cheat or defraud or attempt to cheat or defraud" a customer, (§ 6b(a)); (2) "become the buyer in respect to any selling order of [a customer], or become the seller in respect to any buying order of [a customer]" without the customer's prior consent, (§ 6b(D)); (3) enter into a transaction that is known as a " 'wash sale,' 'cross-trade,' or 'accommodation trade,' or is a fictitious sale," (§ 6c(a)(A)); or (4) to engage in a transaction that "is used to cause any price to be reported, registered, or recorded which is not a true and bona fide price," (§ 6c(a)(B)).

fact,"[3] (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992). CFTC contends that NYMEX lacks standing to bring this action because it has suffered no "injury-in-fact." I disagree.

■ Since the enactment of the original federal legislation regulating commodity futures trading, "Congress primarily has relied upon the exchanges to regulate the contract markets." *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 382, 102 S.Ct. 1825, 1841, 72 L.Ed.2d 182 (1982). One important manner in which exchanges exercise this duty of self-regulation is by controlling membership admissions. *See Korach v. Chicago Mercantile Exchange*, 747 F.2d 414, 415 (7th Cir.1984). NYMEX reviews applications for membership with reference to internal rules approved by CFTC, including Rule 2.09, which permits NYMEX to deny membership solely because the applicant has been subject to sanctions such as those imposed on Baker by the October 29, 1991 settlement order.[4]

In remanding this matter, CFTC directed NYMEX to reconsider Baker's application in light of a settlement agreement to which NYMEX was not a party. According to CFTC's order, therefore, NYMEX may deny Baker's application only if it finds additional evidence of his unfitness for membership, or if it is able to develop an independent record of the wrongdoing for which Baker was sanc-

tioned. NYMEX may not, however, deny Baker's application solely because of the sanctions imposed on him. This order appears to conflict directly with NYMEX Rule 2.09. Accordingly, NYMEX has alleged interference by CFTC in NYMEX's duty to regulate its own membership.

In *Board of Trade v. Commodity Futures Trading Comm'n*, 724 F.Supp. 548 (N.D.Ill. 1989), the court considered whether the Chicago Board of Trade ("CBOT") had standing to challenge a CFTC order directing reinstatement of a barred member. The court observed:

> [I]t is clear ... that CBOT is required by law to discipline and supervise its membership.... CFTC's decision effectively reduces CBOT's ability to self-regulate and—if CBOT is right—impairs not only its integrity but potentially the public's perception of that integrity as well. Such non-economic injury confers standing....

*Id.* at 553. Although CFTC has not directed NYMEX to reinstate Baker, it has directed NYMEX to reconsider Baker's application in a manner which appears to force NYMEX to disregard its own rules.

NYMEX's compliance with this directive could well risk the impairment of its institutional and public integrity in a manner similar to that recognized in *Board of Trade*. In ordering NYMEX not to deny Baker's application solely on the basis of the sanctions imposed upon him, CFTC is forcing an admitted violator of its own anti-fraud rules back upon the public through the medium of NYMEX. This court has been given no in-

---

**3.** An "injury-in-fact" is "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' " *Lujan*, —— U.S. at ——, 112 S.Ct. at 2136 (citations omitted).

**4.** Rule 2.09 provides, in pertinent part:
The Board may deny membership to any applicant who:

    \*   \*   \*   \*   \*   \*

  (B) has been denied registration or whose registration has been revoked or is currently suspended by the Commission or by the Securities and Exchange Commission;

    \*   \*   \*   \*   \*   \*

  (D) is temporarily or permanently enjoined by any order, judgment or decree of any court of competent jurisdiction of the Commission, of the Securities and Exchange Commission or of any state securities authority or agency from engaging in or continuing in any conduct or practice involving the purchase or sale of any commodity, security option or similar instrument;

  (E) is subject to any outstanding order issued by the Commission denying such person trading privileges on any contract market or, suspending or expelling such person from membership on any contract market....

NYMEX Rule 2.09.

formation as to the motive of the CFTC in this matter. CFTC, however, apparently does not concern itself with the public's reaction to the commodities industry's watchdog cutting a "sweetheart" deal with an individual who has admitted fraud. Nevertheless, NYMEX may well be concerned with the adverse affect of the public's perception should they allow Baker to become one of its members. Accordingly, I believe NYMEX has shown that it has suffered a non-economic injury which confers standing on it to challenge the Order.

## II. *Ripeness*

 "While standing is concerned with who is a proper party to litigate a particular matter, ripeness ... determine[s] when that litigation may occur." Erwin Chemerinsky, *Federal Jurisdiction* 98–99 (1989). The ripeness doctrine requires a court "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

 Courts consider four criteria when determining whether an administrative ruling is fit for judicial decision:

(1) whether the issues presented are purely legal;

(2) whether the challenged agency action constitutes 'final agency action' within the meaning of the Administrative Procedure Act; (3) whether the challenged agency action has or will have a direct and immediate impact on the petitioner; and (4) whether the resolution of the issues will foster, rather than impede, effective enforcement and administration by the agency.

*Occidental Chemical Corp. v. Federal Energy Regulatory Comm'n*, 869 F.2d 127, 129 (2d Cir.1989) (quoting *Pennzoil Co. v. Federal Energy Regulatory Comm'n*, 742 F.2d 242, 244 (5th Cir.1984)).

 According to these criteria, this matter is fit for judicial review. First, the issue for review, namely whether CFTC has impermissibly interfered with NYMEX's self-regulatory function by dictating the manner in which NYMEX must review Baker's membership application, is a purely legal issue which need not await further factual development. Second, CFTC orders constitute "the final decision[s] of the Commission," 17 C.F.R. § 9.33, and, therefore, the Order constitutes "final agency action" within the meaning of the APA. *See generally G. & T. Terminal Packaging Co. v. Hauman*, 870 F.2d 77, 79 (2d Cir.1989). Third, the Order has a direct and immediate impact on NYMEX by mandating the manner in which it must address Baker's application. Fourth, review of this issue will foster, rather than impede, CFTC's effective enforcement and administration because it will clarify the manner in which CFTC settlement agreements may affect membership decisions of contract markets.[5]

As for the second consideration identified in *Abbott*, NYMEX will suffer hardship if court consideration is withheld because it will be forced to choose between: (1) obeying the Order and reviewing Baker's application in a manner which appears in conflict with its own rules; or (2) disobeying the Order and facing serious CFTC sanctions, including possible suspension for up to six months or revocation of its designation as a contract market. *See* 7 U.S.C. § 7b.

Accordingly, I conclude this matter is ripe for judicial review.

For the reasons stated above, CFTC's motion to dismiss for failure to state a claim is denied.

SO ORDERED.

---

**5.** CFTC argues that this matter is not fit for review because CFTC has reserved judgment on "the ultimate issue on appeal, namely whether Baker may become a NYMEX member," and therefore the Order will have no "immediate and practical impact" on NYMEX. CFTC Mem. at 8–

9. In so arguing CFTC misapprehends the "ultimate issue" in dispute. It is not whether Baker must become a NYMEX member, but whether CFTC impermissibly interfered with NYMEX's membership decision-making process.